IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

June 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| NATIONSBANK OF TENNESSEE, | ) | HAMILTON CHANCERY |
| | ) | (No. 73919) |
| Plaintiff/Appellant | ) | |
| | ) | |
| v. | ) | NO. 03A01-9808-CH-00279 |
| | ) | |
| FORMPAK, INC. and | ) | HON. HOWELL N. PEOPLES |
| RON CAMPBELL, | ) | CHANCELLOR |
| | ) | |
| Defendants/Appellees | ) | AFFIRMED |

Ron Cunningham, Knoxville, for Appellant.

C. Mark Warren, Chattanooga, for Appellees.


**O P I N I O N**

_____INMAN, Senior Judge

This is an action to recover on a promissory note for borrowed funds, the payment of which was secured by a lien on a vehicle. Beyond this point the facts become obscured; there is no transcript, and no statement of the evidence.

The appellant, in its brief, incorporates a "Statement of Undisputed Facts," which the appellee does not contest. We are able to glean from this statement, and the exhibits, that on August 7, 1990, the defendants borrowed a sum of money to purchase a 1991 GMC Jimmy in which was taken a security interest. This was followed by the renewal, on September 10, 1990, of a note initially executed in 1983, the payment of which was secured by the defendant Formpak's accounts receivable, inventory, fixtures and equipment. The defendants defaulted in the payment of the September 10, 1990 note, and were sued "under the theory of breach of commercial note 2 and the security agreement of commercial note 1."

We deduce that the suit alleged default on the promissory note used to purchase the GMC truck. The Chancellor dismissed the case, holding that the plaintiff had released the "defendant from the obligation of the promissory note."

This ruling was based upon an agreed order of dismissal which provides that "Nationsbank of Tennessee does hereby release all Formpak's . . . and equipment."

According to the briefs, a number of witnesses testified. We are unable to deduce from the "Statement of Undisputed Facts" the precise testimony offered; unlike this court, the Chancellor had the benefit of the disputed facts.

Rule 24 of T. R. A. P. provides that the record on appeal shall consist of (3) the transcript or statement of the evidence. If no transcript of the evidence is available, it is the duty of the appellant to prepare a statement of the evidence for approval by the trial judge. This was not done, and we are thus bound to assume that the record, had it been preserved, would have contained sufficient evidence to support the findings of the trial court. *Sherrod v. Wix,* 849 S.W.2d 780 (Tenn. App. 1992).

The judgment is affirmed at the costs of the appellant.


_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge



_____
Charles D. Susano, Jr., Judge